# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RAJIV SHASHIKANT SHAH,**

    **Plaintiff,**

**vs.**                                                                                          **Case No. 4:25cv500-MW-MAF**

**LEON COUNTY CIRCUIT COURT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On December 5, 2025, a notice of removal was filed, ECF No. 1, and the filing fee paid, ECF No. 2. Later that same day, an amended notice of removal was filed, ECF No. 3, correcting the omission of Defendant's signature from the original notice.

The removal statute requires the "district court in which such notice is filed [to] examine the notice promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). This case has been reviewed to determine whether grounds for removal exists, or whether this case should be remanded to

state court. It is before the undersigned magistrate judge pursuant to Local Rule 72.2(E).

First, the notice of removal shows that Rajiv Shashikant Shah is seeking to remove a state criminal prosecution to federal court pursuant to 28 U.S.C. § 1455 and 28 U.S.C. § 1443(1). The case is listed as case number 2024 CF 3341 and is pending in Leon County Circuit Court. ECF No. 3 at 1. Plaintiff here is the Defendant in state court, and because the action is pending in Leon County, Florida, the case is potentially removable to this Court pursuant to 28 U.S.C. § 1443 which provides that a criminal prosecution "commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending . . . ." Thus, contrary to the improper case style as shown on page one of the notice, Mr. Shah is not the plaintiff but is a state court defendant in a criminal proceeding. Nonetheless, if removal is appropriate, the notice was properly filed in this Court.

What is also improper about the initiation of this case is that Mr. Shah did not comply with 28 U.S.C. § 1455(a). That statute requires a defendant desiring to remove a case from state court to federal court to file "a copy of

all process, pleadings, and orders served upon such defendant . . . in such action." Plaintiff did not file any documents from state court case number 2024 CF 3341.[1]

    Notably, § 1455(b) requires a "notice of removal of a criminal prosecution [to] be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Acknowledging that requirement, Mr. Shah admits that the removal notice was not filed within 30-days of his arraignment. ECF No. 3 at 4, 11. While the exact date of his arraignment is unknown, Mr. Shah advises that it was not until he received "post-arraignment discovery in late 2025" that he understood "the nature and scope of the allegations against him and the extent to which the prosecution was built on considerations that federal law does not permit." *Id.* at 4. He says that at the time of his arraignment, he did not have "access to the complete

---

[1] Mr. Shah did attach a lengthy investigative report to the notice of removal. ECF No. 1-1. As explained by Plaintiff in his notice of removal, the investigative report was issued by the Florida Department of Business and Professional Regulation [DBPR] and formed the basis for the probable cause affidavit which initiated case number 2024-CF-3341 in state court. ECF No. 3 at 4.

DBPR investigative file, the full probable-cause affidavit, or" other communications "that reveal the State's reliance on national origin as the core evidentiary predicate." *Id.* at 11. Thus, Mr. Shah contends he has shown good cause to file the belated notice of removal "because the State withheld or delayed disclosure of the very materials necessary to understand the discriminatory basis of the charges." *Id.* at 11. He also says that the discovery was produced "in November 2025" and he "acted diligently and in good faith once he obtained the information necessary to articulate a federal civil-rights basis for removal." *Id.* at 12.

Thus, it appears that the underlying state criminal prosecution grew out of the investigation undertaken by the Florida Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco.[2] ECF No. 3 at 4. Mr. Shah operated a business which assisted "foreign nationals, primarily citizens of the republic of India, participate in Florida's annual quota alcoholic beverage license drawing administered by the Department of Business and Professional Regulation (DBPR) . . . ." *Id.*

---

[2] Mr. Shah indicates a complaint was filed against his company, Keshra Financial, LLC, with the Florida Attorney General, accusing him of "fraudulent manipulation" of the quota drawing. ECF No. 3 at 3. Presumably, that led to the DBPR investigation.

at 2. Mr. Shah was charged with organized fraud, criminal use of personal identification information, money laundering, and securities fraud. *Id.* He contends that the case is unlawfully based on his national origin and ethnicity and violates federal law prohibiting such discrimination. *Id.* at 1-2, 5.

The removal statute permits the removal of "civil actions or criminal prosecutions, commenced in a State court . . . (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The United States Supreme Court has interpreted the statute as permitting the removal of a state prosecution to federal court only if two requirements are met. Georgia v. Rachel, 384 U.S. 780, 788, 86 S. Ct. 1783, 1788, 16 L. Ed. 2d 925 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (citing to Rachel, 384 U.S. at 792, 86 S. Ct. at 1790). "Second, the petitioner must show that he has been denied or

cannot enforce that right in the state courts." Conley, 245 F.3d at 1295 (citing to Rachel, 384 U.S. at 794, 86 S. Ct. 1783).

Mr. Shah asserts that removal is warranted because his right "to participate in lawful economic activity without racial or ethnic discrimination" has been violated under the Equal Protection Clause and 42 U.S.C. § 1981. ECF No. 3 at 5. First, the removal statute permits the removal of a criminal proceeding when a person "cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). Mr. Shah cannot remove this case based on an alleged violation of the Equal Protection Clause.

> The phrase "any law providing for ... equal civil rights" refers to laws "providing for specific civil rights stated in terms of racial equality," and does not include rights of "general application available to all persons or citizens." Rachel, 384 U.S. at 792, 86 S.Ct. 1783. . . . Therefore, to the extent Conley relies upon broad assertions under the Equal Protection Clause or § 1983, those rights are insufficient to support a valid claim for removal under § 1443(1).

Conley, 245 F.3d at 1295-96.

However, "the United States Supreme Court recognized that § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality." 245 F.3d at 1296 (citing to City of Greenwood v.

Peacock, 384 U.S. 808, 825, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).  In addition, 42 U.S.C. § 1981 prohibits discrimination "based on race or national origin in employment contracts."  Jimenez v. U.S. Att'y Gen., 146 F.4th 972, 988 (11th Cir. 2025).  Thus, it is concluded that Mr. Shah has met the first prong of Rachel.

Mr. Shah argues that he has also met the second prong for removal - that he "cannot enforce" his federal rights in state court.  ECF No. 3 at 5.  He contends that "ethnicity and national origin is not peripheral," but is "the backbone of the States's theory."  Id.  He argues that "[n]o motion, instruction, or evidentiary ruling can cure a prosecution whose existence is predicated on federally prohibited classifications."  Id.  These arguments miss the mark.

"Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'"  Rachel, 384 U.S. at 803, 86 S.Ct. 1783 (quoted in Conley, 245 F.3d at 1296).  "This requirement ensures that removal is available only in cases where the denial of the right can be clearly predicted and avoids involving federal judges in 'the unseemly process of prejudging their brethren of the state courts.'"  Id. at 803-04, 86 S. Ct. 1783 (quoted in 245 F.3d at 1296).  The Court explained

that "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." Rachel, 384 U.S. at 800, 86 S. Ct. at 1794. Instead, it is "warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction." 384 U.S. at 800, 86 S. Ct. at 1794. The reason is simple - without a constitutional, statutory or legislative impediment, a person seeking removal of a criminal prosecution "cannot swear before his case comes to trial that his enjoyment of all his civil rights [will be] denied to him." Id. at 799, 86 S. Ct. at 1794.

  Here, Mr. Shah has not identified a state law which will deny him "the equal civil rights" enjoyed by all citizens. 28 U.S.C. § 1443(1). He has not alleged that the state court is unable to address a wrong. Instead, his allegations pertain to the actions of the State in prosecuting the case. ECF No. 3 at 6-11. That does not meet the requirement of Rachel or the statutes permitting removal.

> The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other

> manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Conley, 245 F.3d at 1297 (quoting Sunflower Cnty. Colored Baptist Ass'n v. Trs. of Indianola Mun. Separate Sch. Dist., 369 F.2d 795, 797 (5th Cir. 1966)). Here, Mr. Shah's request for removal is based on speculation and fear, not facts or affirmations that his rights will be denied. He has not met the requirement of Rachel - that he show with "relative clarity" that the denial of his civil rights will "take place in the courts of the State" and is "manifest in a formal expression of state law." 384 U.S. at 803, 86 S. Ct. at 1796. Accordingly, it is concluded that the notice of removal was not appropriately filed and this case should be remanded to state court.

Case No. 4:25cv500-MW-MAF

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **REMANDED** to the Second Judicial Circuit Court in and for Leon County, Florida and the Clerk of Court be directed to close the file.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:25cv500-MW-MAF